UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | NO.    CR-12-0016-WFN |
| ) | |
| -vs- ) | |
| ) | ORDER |
| JERAD JOHN KYNASTON (1), ) | |
| SAMUEL MICHAEL DOYLE (2), ) | |
| BRICE CHRISTIAN DAVIS (5), ) | |
| JAYDE DILLON EVANS (6), ) | |
| TYLER SCOTT MCKINLEY (7), ) | |
| ) | |
| Defendants. ) | |

A second pretrial conference and motion hearing was held May 31, 2012. The Defendants were present and represented as set out in the table below:

| Defendant | Custody | Counsel |
|---|---|---|
| Jerad John Kynaston (1) | √ | Robert R. Fischer |
| Samuel Michael Doyle (2) | √ | George P. Trejo, Jr. |
| Brice Christian Davis (5) | No | Mark C. Prothero for David M. Miller |
| Jayde Dillon Evans (6) | No | Nicolas V. Vieth |
| Tyler Scott McKinley (7) | No | Richard D. Wall |

Assistant United States Attorney Russell Smoot represented the Government.

The Court addressed Defendants' Motion to Suppress Evidence (ECF No. 157) and other pending pretrial motions. The Court heard argument on the Motion to Suppress from Mr. Wall and Mr. Trejo on behalf of Defendants as well as Mr. Smoot on behalf of the Government.

ORDER - 1

**ANALYSIS**

In July of 2011, the Washington State Legislature amended the medical marijuana statute converting what had been an affirmative defense to an exception to the general controlled substances statute. The amendment decriminalizes the possession, use, and manufacture of medical marijuana, so long as certain criteria are met. While the old statute makes explicit reference to an affirmative defense, the new statute clearly states that, "[t]he medical use of cannabis in accordance with the terms and conditions of this chapter does not constitute a crime . . . ." WASH. REV. CODE § 69.51A.040 (2012). This statute provides an exception to the general controlled substances statute which makes possession, use, and manufacture of marijuana a crime. WASH. REV. CODE § 69.69.401 (2012). Thus to obtain a warrant, officers must show probable cause that the criteria of the medical marijuana exception have not been met. State officers cannot obtain a valid state search warrant where there is not probable cause of a state crime. *United States v. $186,416.00 in U.S. Currency*, 590 F.3d 942, 948 (9th Cir. 2010) (finding that because the evidence supporting the grow did not show probable cause of a crime in California law, even though it was illegal federally and was prosecuted federally, the search warrant had to be quashed).

Contrary to the Government's assertion, a state crime has not been committed simply by possessing or manufacturing marijuana in Washington. If the person complies with the medical marijuana statute, they have not committed a state crime. The Government's briefing suggests that despite the clear language decriminalizing medical marijuana, law enforcement officers may still arrest those possessing or manufacturing medical marijuana due to the choice of the phrase "*may not* be arrested, prosecuted, or subject to other criminal sanctions" rather than shall not (emphasis added). This tortured reading of the statute contradicts the plain language of the statute making it internally inconsistent. Alternatively, the Government argues that Washington's controlled substances provision should be viewed exclusively without reference to the medical marijuana exception. Essentially, the Government proposes

ORDER - 2

treating the medical marijuana exception as a type of affirmative defense despite the drastic rewriting of the law. The Court finds that the statute is clear on its face and that the medical marijuana exception and the general controlled substance statute must be read together in a manner that gives effect to both.

It is uncontested that while the affidavit supporting the warrant included evidence of a marijuana grow, there was no mention of the medical marijuana statute or an assertion that the grow violated the medical marijuana statute. This omission is fatal to the warrant as the warrant then does not show probable cause of a crime. The good faith exception cannot rescue the warrant as the three month old law was clear and the officers should have been aware of its requirements. Thus, all fruits of the search shall be suppressed. The parties agree this includes all physical evidence obtained during the search as well as any statements that were derived as a fruit of the poisonous tree.

The Court has reviewed the file and Motions and is fully informed. This Order is entered to memorialize and supplement the oral rulings of the Court. Accordingly,

**IT IS ORDERED** that:

1. The Defendants' Motion to Suppress Evidence, filed May 7, 2012, **ECF No. 157**, is **GRANTED**.

2. Defendants' Motion to Continue Pretrial and Trial, filed May 11, 2012, **ECF No. 166**, is **DENIED with a right to renew**.

3. Defendants' Motion for Disclosure of 404 Evidence, filed May 11, 2012, **ECF No. 170**, is **GRANTED**.

4. Defendants' Motion to File Additional Motions, filed May 11, 2012, **ECF No. 171**, is **GRANTED**.

5. The jury trial date of **June 25, 2012 at 9:00 a.m., in Spokane**, Washington is **CONFIRMED**.

ORDER - 3

1 The District Court Executive is directed to file this Order and provide copies to
2 counsel.
3 **DATED** this 31st day of May, 2012.

```
                                          s/ Wm. Fremming Nielsen
                                         WM. FREMMING NIELSEN
05-31-12                             SENIOR UNITED STATES DISTRICT JUDGE
```

ORDER - 4