UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>               Plaintiff,<br><br>   -vs-<br><br>JERAD JOHN KYNASTON (1),<br>SAMUEL MICHAEL DOYLE (2),<br>BRICE CHRISTIAN DAVIS (5),<br>JAYDE DILLON EVANS (6),<br>TYLER SCOTT MCKINLEY (7),<br><br>               Defendants. | NO.    CR-12-0016-WFN<br><br>ORDER |

Pending before the Court is the Government's Motion for Reconsideration (ECF No. 202). The Government reiterates and clarifies the position that Washington's medical marijuana act does not decriminalize possession, manufacture, or delivery of marijuana. However, the Court continues to disagree with this analysis. The Court concurs with the Government that "it is axiomatic that plain language is to be given plain meaning and enforced accordingly." ECF No. 203, p. 3. The medical marijuana statute clearly indicates that use of medical marijuana does not constitute a crime. Reading "use" to exclude possession, delivery, or manufacture would be in contravention to the entirety of the statute. It is impossible to imagine a scenario where a person could use without possessing.[1] Further, the statute clearly indicates exactly how much a person can

---

[1] In support of the Court's reading, RCW 69.51A.045, entitled "Possession of cannabis exceeding lawful amount – Affirmative Defense," creates an affirmative defense for

ORDER - 1

manufacture under the statute, so clearly the drafters anticipated that manufacture, under specific circumstances described by the statute, also is not a crime. Additionally, the statute permits a person to manufacture the medical marijuana for another, thus the statute addresses delivery of medical marijuana. The Court will not read the statute to be internally inconsistent. The Court has reviewed the file, briefing, and motions and is fully informed. Accordingly,

**IT IS ORDERED** that:

1. The Government's Motion for Reconsideration, filed June 6, 2012, **ECF No. 202**, is **GRANTED.** The Court reconsidered the initial ruling to Defendants' Motion to Suppress, ECF No. 157.

2. The Court's initial ruling on Defendant's Motion to Suppress, memorialized in **ECF No. 186**, is **AFFIRMED**.

3. The Government's Motion to Expedite Hearing, filed June 6, 2012, **ECF No. 204**, is **GRA NTED**. The underlying Motion was considered on an expedited basis.

The District Court Executive is directed to file this Order and provide copies to counsel.

**DATED** this 11th day of June, 2012.

06-11-12

       s/ Wm. Fremming Nielsen
WM. FREMMING NIELSEN
SENIOR UNITED STATES DISTRICT JUDGE

---

possession of cannabis for medical use even when the amount possessed exceeds the decriminalized amounts listed in RCW 69.51A.040. Thus, the drafters clearly intended medical possession to be decriminalized by RCW 69351A.040 and did *not* intend to RCW 69.51A.040 to simply be a strengthened affirmative defense as argued by the Government during the suppression hearing.

ORDER - 2