```
 1  JOSEPH H. HARRINGTON
    Acting United States Attorney
 2  Eastern District of Washington
    Timothy J. Ohms
 3  Patrick J. Cashman
    Assistant United States Attorneys
 4  Post Office Box 1494
    Spokane, WA 99210-1494
 5  Telephone:  (509) 353-2767
 6
 7
 8
```

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | 12-CR-00016-WFN |
| Plaintiff, | |
| vs. | Government's Brief Re:  Defendant Kynaston's *McIntosh* Evidentiary Hearing Briefing |
| JARED JOHN KYNASTON, | |
| Defendants. | |

Plaintiff, United States of America, by and through Joseph H. Harrington, Acting United States Attorney for the Eastern District of Washington, and Timothy J. Ohms and Patrick J. Cashman, Assistant United States Attorneys for the Eastern District of Washington, submits the following response to the Defendant Jerad Kynaston's *McIntosh* Evidentiary Hearing brief.

I. <u>The burden of proof by a preponderance remains on the Defendant.</u>

The Defense argues that the initial burden is on the defendants to produce "some evidence" that they complied with RCW 69.51A *et seq*. The Defense further

Government's Brief Re:  Defendant Kynaston's *McIntosh* Evidentiary Hearing Briefing-1

argues that upon showing "some evidence" the burden shifts to the Government to prove beyond a reasonable doubt that the Defendants did not strictly comply. The Government reasserts its argument from the initial briefing on this issue.

Additionally, the Government supplements that the Defendants bear the burden of proof and it is substantially more than "some evidence." The Defendant bears the burden of proving an affirmative defense by a preponderance of the evidence. *United States v. Sandoval*-Gonzalez, 642 F.3d 717, 723 (9th Cir. 2011), (quoting *United States v. Beasley*, 346 F.3d 930, 935 (9th Cir. 2003)). The burden of preponderance is routinely applied in evidentiary hearings outside of a criminal trial. *See* United States v. Veon, 538 F. Supp. 237, 245-46 (E.D. Cal. 1982). Once the defense has put on some evidence, it still remains that they must prove to the jury by a preponderance of evidence that the affirmative defense exists. *State v. Ginn*, 128 Wash.App. 872, 879 (2005).

The United States District Court for the Eastern District of California has recently addressed the procedure applied in the *McIntosh* hearing. In both *United States v. Daleman* and *United States v. Gentile*, the court held that the burden of proof was on the defendant to show strict compliance and that burden was by a preponderance of evidence. *United States v. Daleman*, No. 1:11-CR-00385-DAD-BAM, 2017 WL 1256743, at 4 (E.D. Cal. 2017); *United States v. Gentile*, No. 1:12-CR-00360-DAD-BAM, 2017 WL 1437532, at 7 (E.D. Cal. 2017). In both cases, the court was applying California law, that like Washington provides for an affirmative defense rather than complete immunity.

Moreover, the Defendant cites to RCW 69.51A.045 and 69.51A.047. Section .045 creates an affirmative defense for individual who possess marijuana in excess of the quantitative limitations of section .040. However, the language of .045, suggest that a person may not continually exceed the amounts in RCW 69.51A.040. Rather, the section simply allows a defendant to assert an affirmative defense to avoid conviction for having possessed marijuana in excess of RCW 69.51A.040. The

Government's Brief Re: Defendant Kynaston's *McIntosh* Evidentiary Hearing Briefing-2

language of the statute makes clear that even though the individual may have a medical necessity to exceed the amounts of RCW 69.51A.040, the law enforcement officer may seize those items that are in excess of the statute after allowing the individual to select the plants they wish to keep.  The Defendant further references Section .047, which creates an affirmative defense for individuals who do not possess valid documentation at the time of the incident.  However, the Government maintains that the Defendants are unable to meet their burden of proof to establish strict compliance.

The Defendant suggests that substantial compliance is equivalent to strict compliance.  However, it is quite clear from the *McIntosh* opinion, the court interpreted strict to mean fully comply with all relevant laws.  See *United States v. McIntosh*, 833 F.3d 1163, 179 (9th Cir. 2016).  Therefore, given the language used in *McIntosh*, an individual would have to show that they did in fact comply with every relevant condition; not simply complying with some portion of the statute.

II. <u>The Government does not need to satisfy a condition precedent.</u>

The Defendant's argument that the Government must satisfy a condition precedent is simply another argument that the Government has the burden.  As noted above, the burden is on the defendant to show by preponderance of the evidence that they strictly complied with the statute.  Thus, it follows that if the burden is on the defendant to show strict compliance, then the Government is not restricted by the condition precedent.

III. <u>Requiring a state verdict or certification to a state court is inappropriate.</u>

As the courts in *Daleman*, *Gentile*, and others throughout the country, this Court is more than equipped to address a question of the application of state law. Generally, the certification of matters to a state court is at the discretion of the court. *Lehman Bros. v. Schein*, 416 U.S. 386, 391 (1974).  It is appropriate to certify a case to the Supreme Court "when in the opinion of any federal court before whom a

Government's Brief Re:  Defendant Kynaston's *McIntosh* Evidentiary Hearing Briefing-3

proceeding is pending, it is necessary to ascertain the local law of this state…and the local law has not been clearly determined." *Frias v. Asset Foreclosures Services, Inc.*, 957 F.Supp.2d 1264, 1268 (2013), citing RCW 2.60.020.  There is a "presumption against certifying after the federal district court has issued a decision." *Id.*  The Government asserts certification would not be appropriate in this matter because the state law is clearly articulated in statute.  Nothing in the Ninth Circuit mandate suggests that this Court does not have the ability to fully resolve this issues.  The issues before the court are not novel and based on vague principles.  Moreover, there is sufficient evidence for this court to rely upon to make a decision.  Accordingly, certifying the matter to either a state trial or appellate court is not appropriate.

Dated:  April 28, 2017.

JOSEPH H. HARRINGTON
Acting United States Attorney

*s/ Timothy J. Ohms*
Timothy J. Ohms
Assistant United States Attorney

*s/Patrick J. Cashman*
Patrick J. Cashman
Assistant United States Attorney

Government's Brief Re:  Defendant Kynaston's *McIntosh* Evidentiary Hearing Briefing-4

# CERTIFICATE OF SERVICE

I hereby certify that on April 28, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Nicolas V. Vieth
Vieth Law Offices
912 East Sherman Avenue
Coeur d'Alene, ID 83814

Richard Wall
Attorney at Law
505 W. Riverside Ave. Suite 400
Spokane, WA 99201

Alison Guernsey
Federal Defenders for Eastern Washington and Idaho
306 E. Chestnut Ave
Yakima, WA 98901

Douglas Phelps
2903 N. Stout Rd.
Spokane, WA 99201

Douglas Hiatt
119 1st Ave. South
Seattle, WA 98104

David Miller
Miller & Prothero
421 West Riverside Suite 868
Spokane, WA 99201

*s/ Patrick J. Cashman*
Patrick J. Cashman
Assistant United States Attorney

Government's Brief Re: Defendant Kynaston's *McIntosh* Evidentiary Hearing Briefing-5