UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>  -vs-<br><br>JERAD JOHN KYNASTON (1),<br>SAMUEL MICHAEL DOYLE (2),<br>BRICE CHRISTIAN DAVIS (5),<br>JAYDE DILLON EVANS (6),<br>TYLER SCOTT McKINLEY (7),<br><br>                Defendants. | No.   2:12-CR-0016-WFN<br><br>ORDER |
|---|---|

A pretrial conference and motion hearing was held July 25, 2017. The Defendants, who are not in custody, were present and represented as listed in the chart below; Assistant United States Attorneys Russell Smoot and Timothy Ohms represented the Government.

| **Defendant** | **Defense Counsel** |
|---|---|
| Jerad John Kynaston (1) | Alison Guernsey and Jeffrey Dahlberg |
| Samuel Michael Doyle (2) | Douglas Hiatt and Douglas D. Phelps |
| Brice Christian Davis (5) | David M. Miller |
| Jayde Dillon Evans (6) | Nicolas V. Vieth |
| Tyler Scott McKinley (7) | Richard D. Wall |

The Court addressed the Government's request to amend the May 22, 2017 Order. The Court clarified that the sentence beginning "First, the Defendants provided examples of newly . . . " stated Defendants' position and not the opinion of the Court. The Court noted that later in the Order it stated, "If proven that the Government has possessed *Brady* materials . . ." illustrating that the Court had not made a determination regarding whether

ORDER - 1

the materials contained *Brady* information. The Court could not have made such a determination as the Court had not received or reviewed the materials.

The Court denied Defendants' Motion to Dismiss. ECF No. 762. Though the Court made no findings as to whether the undisclosed materials contained *Brady* information, dismissal with prejudice is not an appropriate sanction for an alleged pretrial *Brady* violation. The Court also addressed Defendants' oral motion to require the Government to re-offer previously accepted plea agreements. The Court required that prior to ruling on the oral motion the parties must meet in good faith to discuss settlement options. The Court has reviewed the file and Defendants' Motions and is fully informed. This Order is entered to memorialize and supplement the oral rulings of the Court. Accordingly,

**IT IS ORDERED** that:

1. Defendants' Motion to Dismiss With Prejudice, filed July 7, 2017, **ECF No. 762**, is **DENIED**.

2. In the previous Order the Court struck trial dates, noted that excludable time would apply, but did not set new trial dates due to uncertainty regarding the late discovery disclosures. The Court finds that the ends of justice served by extending the trial dates in this matter outweigh the best interests of the public and the Defendants in a speedy trial. The Court previously found this matter to be complex.

3. Trial dates are **SET as follows:**

    (a) Defendant McKinley (7) on **November 6, 2017, at 10:00 a.m., in Spokane**, Washington.

    (b) Defendant Evans (6) on **November 13, 2017, at 10:00 a.m., in Spokane**, Washington; and

    (c) Defendant Davis (5) on **November 27, 2017, at 10:00 a.m., in Spokane**, Washington.

4. All time from Defendant McKinley's (7) trial date of July 10, 2017, to the new trial date of **November 6, 2017**, is **EXCLUDED** for speedy trial calculations pursuant to 18 U.S.C. § 3161(h)(7).

ORDER - 2

5. All time from the Defendant Evans' (6) trial date of July 17, 2017, to the new trial date of November 13, 2017, is **EXCLUDED** for speedy trial calculations pursuant to 18 U.S.C. § 3161(h)(7).

6. All time from Defendant Davis' (5) trial date of July 24, 2017, to the new trial date of November 27, 2017, is **EXCLUDED** for speedy trial calculations pursuant to 18 U.S.C. § 3161(h)(7).

7. A joint final pretrial conference and motion hearing shall be held **October 31, 2017, at 9:00 a.m., in Spokane**, Washington. There are several briefed motions filed in anticipation of a previously set final pretrial by co-Defendants who have since pled guilty.

    (a) Defense counsel shall file a notice specifying which, if any, undecided motions that they wish the Court to address no later than **September 1, 2017**.

    (b) Any additional motions in limine shall be filed and served no later than **October 10, 2017**.

    (c) Responses shall be filed and served no later than **October 17, 2017.**

8. Those trial filings not already filed including a set of proposed **JOINT JURY INSTRUCTIONS** shall be filed and served on or before **October 16, 2017**.

Jury instructions should only address issues that are unique to this case and shall include instructions regarding the elements of each claim, any necessary definitions and a proposed verdict form. The Joint Proposed Jury Instructions shall include:

    (a) The instructions on which the parties agree; and

    (b) Copies of instructions that are disputed (i.e., a copy of each party's proposed version of an instruction upon which they do not agree). All jury instructions from the most current edition of the Ninth Circuit Manual of Model Jury Instructions may be proposed by number. The submission of the Joint Proposed Jury Instructions will satisfy the requirements of LR 51.1(c).

Each party shall address any objections they have to instructions proposed by any other party in a memorandum. The parties shall identify the specific portion of any proposed instruction to which they object and shall elaborate the basis for the objection.

ORDER - 3

Objections asserting that an instruction sets forth an incorrect statement of law shall describe the legal authority that supports this objection. Failure to file an objection and supporting argument may be construed as consent to the adoption of an instruction proposed by another party.

9. The parties are requested to submit updated courtesy copies of witness and exhibit lists to the Court no later than **12:00 noon the Thursday before each respective trial**.

10. An evidentiary and motion hearing shall be held **September 18, 2017, at 9:30 a.m., in Spokane**, Washington.

11. Indigent Defendant's requests for issuance of subpoenas and payment of costs and fees for trial witnesses shall be filed no later than ten days before trial, excluding weekends and holidays.

12. All time from the filing of Defendant's Motion to Dismiss with Prejudice on July 7, 2017, to the date of the hearing on July 25, 2017, is **EXCLUDED** for speedy trial calculations pursuant to 18 U.S.C. § 3161(h)(1)(D).

13. All time from the Court's receipt of a proposed plea agreement to be entered into by the Defendant and the attorney for the Government until the change of plea or formal notice that the Defendant will not enter a change of plea, will be **EXCLUDED** for speedy trial purposes pursuant to 18 U.S.C. § 3161(h)(1)(G).

14. The Government is reminded that the Speedy Trial clock will not be tolled until a draft of the plea agreement has been submitted to the Court.

The District Court Executive is directed to file this Order and provide copies to counsel.

**DATED** this 26th day of July, 2017.

07-25-17

                  s/ Wm. Fremming Nielsen
                 WM. FREMMING NIELSEN
SENIOR UNITED STATES DISTRICT JUDGE

ORDER - 4